# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAFT L. HILL,<br><br>    Plaintiff,<br><br>v.<br><br>C. PFEIFER, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01221-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 9] |

Plaintiff Taft L. Hill is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed October 9, 2019.

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On October 6, 2015, Plaintiff received a Continuous Positive Airway Pressure (CPAP) machine, with instructions on how to use and clean the appliance.

On November 20, 2016, Plaintiff received the following CPAP maintenance supplies and education worksheet: (1) one-galloon plastic jug for distilled water; (2) one-gallon plastic jug of water/vinegar solution; and (3) one-plastic baggie of mild liquid soap 1 for 1 exchange.

On January 1, 2018, the reasonable accommodation panel, which consisted of Defendants S. Rimbach, S. Lopez, K. Carter, and B. Kemp advised Plaintiff that there was no medical indication for him to receive distilled water or soap for his CPAP machine. However, Plaintiff received distilled water on August 24, 2018.

On December 10, 2018, Defendant K. Brown, told Plaintiff to clean the CPAP daily with drinkable water and allow to air dry.

///

From December 19, 2017 to June 19, 2019, Kern Valley State Prison has never provided Plaintiff with the appropriate supplies to sterilize the CPAP machine or equipment.

Plaintiff suffers from nasal infections, pain and pressure, difficulty breathing, and sleep deprivation.

Plaintiff requests $300,000 in damages.

### III.
### DISCUSSION

#### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. In order to establish a claim of deliberate indifference based on a delay in treatment, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994).

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather,

Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Plaintiff has failed to demonstrate deliberate indifference by any prison official. Even if it is assumed that Plaintiff has a serious medical need that requires the use of the CPAP machine, Plaintiff does not expressly demonstrate or allege that the lack of the supplies for the CPAP machine caused him further medical problems. Rather, he simply contends that he suffers from nasal infections, pain and pressure, difficulty breathing, and sleep deprivation; however, Plaintiff has failed to demonstrate that any of these symptoms were the result of the lack of cleaning supplies or delay in receiving distilled water. Further, Plaintiff's claim that Defendants failed to comply with the recommendations made by Dr. Ashraf-Alim does not demonstrate deliberate indifference. See Snow v. McDaniel, 681 F.3d at 987 (mere difference of medical opinion between medical professionals concerning what medical care is appropriate does not amount of deliberate indifference); see also Franklin v. State of Oregon State Welfare Div., 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of opinion between a prisoner-patient and prison medical authorities does not give rise to a § 1983 claim.") Indeed, as stated in the March 19, 2019, appeal response, "The provider did not document a medical necessity for vinegar water, liquid soap, new headgear, or tubing." (1st Am. Compl, Ex. D, ECF No. 9.) It was also noted that Plaintiff was receiving distilled water for the machine. (Id.) Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference. Because Plaintiff has previously been provided the legal standard and failed to cure the deficiencies, further leave to amend is not warranted and would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

///

# IV.

# CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for relief, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d at 1130 ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 18, 2019**

UNITED STATES MAGISTRATE JUDGE